## SUPREME COURT.

### THE PEOPLE vs. —— ——.

A defendant in a criminal case is bound to furnish, upon bills of exceptions, *printed* papers for a hearing, the same as in other cases.

*It seems* to be the correct practice in such cases, that the defendant intending to ask a hearing without furnishing printed papers, should, on serving his bill of exceptions, give notice to the district attorney that he will apply to the justice who presided at the trial, for a certificate of his inability to print; and such certificate shall be evidence of such inability.

*General Term, Poughkeepsie, July* 1, 1850, *before* MORSE, BARCULO and BROWN, *Justices.*

Mr. SCRUGHAM, district attorney of Westchester, moved to strike the cause from the calendar, upon the ground that the defendants having taken exceptions, and been duly notified to prepare papers for the hearing, had failed to do so.

Mr. BAILEY, for the defendants, insisted that inasmuch as the statute (2 R. S. 27,) required the district attorney to bring the indictment with the bill of exceptions, &c., into this court, that he was thereby so far made the actor, as to be required to prepare and furnish the papers for the hearing. That in the present case an order staying proceedings had been obtained, and it was, therefore, for the interest of the public, and not of the defendants to expedite the cause in this court.

It was also insisted that to compel a poor defendant to print, as required by the rules, would be a denial of justice.

Mr. TOMPKINS, associated with the district attorney, insisted that there was nothing in the statute which authorized any departure from the ordinary rules, and that every consideration of public policy required the rule to be enforced in criminal as in civil causes.

By the Court, MORSE, Justice.—It is the duty of the defendant, making a bill of exceptions, to print the papers for the hearing, as in other

VOL. IV. 53

cases.   No hardship can result from this rule, as it will always be in the power of the court to permit a hearing upon written papers, when it is made to appear that the defendant is unable to procure the printing.   If he is of sufficient ability, there can be no reason why he should not furnish the same facilities as other parties for examining the errors which they allege have intervened.

The court suggested as a correct practice, that a defendant intending to ask a hearing without furnishing printed papers, should, on serving his bill of exceptions, give notice to the district attorney that he would apply to the justice or judge, who presided at the trial for a certificate that he was unable to print, and that such certificate should be considered the proper evidence of such inability.